669 F.2d 67
 Marie MOE, Raoul Roe, Richard Roe, an infant, by his father
Raoul Roe, on behalf of themselves and all other
persons similarly situated,
Plaintiffs-Appellants-Cross-Appellees,
and
Christina Coe and Pedro Doe, on behalf of themselves and all
other persons similarly situated,
Plaintiffs-Intervenors-Appellants-Cross-Appellees,
v.
David DINKINS, individually and as City Clerk of New York
City, on behalf of himself and all town and city
clerks in New York State, Defendants,
and
David Axelrod, individually and as New York State
Commissioner of Health,
Defendants-Appellees-Cross-Appellants.
 Nos. 520, 630, Dockets 81-7588, 81-7636.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 8, 1982.
Decided Jan. 11, 1982.
 
 Janet M. Calvo, New York City (Amy L. Beckett, Marjorie E. McAboy, Peter A. Triandifilou, Washington Square Legal Services, Inc., New York City, of counsel), for plaintiffs-appellants-cross-appellees and plaintiffs-intervenors-appellants-cross-appellees.
 Robert J. Schack, Asst. Atty. Gen. of the State of New York, New York City (Robert Abrams, Atty. Gen. of the State of New York, George D. Zuckerman, Asst. Sol. Gen. of the State of New York, New York City, of counsel), for defendants-appellees-cross-appellants.
 Before MOORE, KAUFMAN and VAN GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marie Moe, Raoul Roe, Richard Roe, Christina Coe and Pedro Doe (hereinafter "Moe"), on behalf of themselves and others similarly situated, appeal (1) from an order and judgment entered by Judge Motley granting defendants' motion for summary judgment and dismissing Moe's complaint, and (2) from her order denying Moe's motion for certification of a subclass of out-of-wedlock children whose parents are barred from marriage pursuant to New York Domestic Relations Law § 15. David Axelrod, individually and as New York State Commissioner of Health, cross-appeals (1) from Judge Motley's order denying his motion to dismiss with a request for disclosure of the identities of the plaintiffs, (2) from the trial court's order granting Moe's motion to certify plaintiff classes, and (3) from the order and judgment granting leave to Christina Coe and Pedro Doe to intervene and proceed without disclosing their identities. We affirm in all respects, substantially for the reasons stated in Judge Motley's thorough and well-reasoned opinion. In view of the novel and significant questions raised by Moe's claim that the New York parental consent requirements for the marriage of minors are unconstitutional, we add the following.
 
 
 2
 Moe asserts a deprivation of liberty guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution as a result of the operation of New York Domestic Relations Law § 15 (14 McKinney, 1977). New York law requires that all male applicants for a marriage license between ages 16 and 18 and all female applicants between ages 14 and 18 must obtain the consent of their parents, and that a female between ages 14 and 16 must obtain judicial approval as well as parental consent. Id., §§ 15.2, 15.3. Intimate activities concerning marriage and family relations have long been accorded stringent judicial protection on the ground that such activities implicate rights of privacy protected by the Due Process Clause of the United States Constitution. See, e.g., Zablocki v. Redhail, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978); Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977); Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942). While courts have subjected certain restrictions on the right to marry to heightened scrutiny, see, e.g., Zablocki v. Redhail, supra (statute provided that failure to comply with child support orders precluded a parent from marrying without court permission); Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (antimiscegenation statute unconstitutionally infringed right to marry), the right of minors to marry has not been viewed as a fundamental right deserving strict scrutiny. Accordingly, Judge Motley was correct in testing the constitutionality of New York Domestic Relations Law § 15 by determining whether there exists a rational relation between the means chosen by the New York legislature and legitimate state interests in adopting and enforcing the restriction.[1] In light of New York's important interest in promoting the welfare of children by preventing unstable marriages among those lacking the capacity to act in their own best interests, see Addington v. Texas, 441 U.S. 418, 426, 99 S.Ct. 1804, 1810, 60 L.Ed.2d 323 (1979), we agree with Judge Motley that the New York statutory scheme passes constitutional muster.
 
 
 3
 Accordingly, we affirm in all respects.
 
 
 
 [1]
 In a case involving minors who desire to marry as a means of granting legitimacy to their child, the New York statutory scheme provides relief. New York Domestic Relations Law § 24(1) states that the subsequent marriage of the parents confers legitimacy upon a child born prior to the marriage. Furthermore, the effect of out-of-wedlock birth may be erased by adoption of the child pursuant to New York Domestic Relations Law § 117(1). Accordingly, the New York statute provides at least two avenues by which minor parents of a child born prior to the time at which they can enter a valid legal marriage can ensure that the child will not suffer from acts or omissions of the parents
 It should also be noted that Section 15's requirement of parental consent applies to all minors within the statutory age categories, not just those with illegitimate children. As a result, the New York statutory scheme cannot be viewed as an attempt to punish minors with illegitimate children.